IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CLARENCE CLARK and DEBORAH CLARK, § § § | |
| *Plaintiffs*, § § | Civil Action No. SA-13-CV-799-XR |
| v. § § | |
| PNC BANK, N.A. and FEDERAL HOME LOAN MORTGAGE CORPORATION, § § § | |
| *Defendants*. § | |

## ORDER

On this day, the Court considered Plaintiffs' unopposed motion to consolidate (docket no. 25). For the following reasons, the Court DENIES the motion.

### I. Background

Plaintiffs Clarence and Deborah Clark ("the Clarks") filed their lawsuit on August 1, 2013 in state court. On August 30, 2013, the action was removed to this Court. Thereafter, the Clarks amended their complaint. By their complaint, the Clarks seek to rescind a 2013 foreclosure sale of their home. The Clarks allege that they obtained a purchase money mortgage to purchase their home in 2006. Thereafter, the Clarks allege that Defendant PNC Bank, N.A. ("PNC") came to own their mortgage. In 2010 and again in 2012, PNC and the Clarks allegedly "modified" the mortgage. The Clarks assert, however, that the 2010 and 2012 "modifications" were, in fact, "refinances" of the mortgage, made in violation of the Texas Constitution. The Clarks assert that because the "refinances" were made in violation of the Texas Constitution, PNC's mortgage lien became invalid, and thus the 2013 foreclosure sale did not pass title to the purported purchaser, Defendant Federal Home Loan Mortgage

Corporation ("Freddie Mac").  The Clarks assert that they are entitled to rescission of the purported foreclosure sale and the return of all mortgage payments they have made since 2010.

On December 6, 2013, the Clarks filed a motion to consolidate their case with *Molina v. PNC Bank, N.A.*, Civil Action No. 5:13-CV-1067-HLH.  In *Molina*, Larry and Alicia Molina ("the Molinas") claim that they obtained a purchase money mortgage in 2003.  This mortgage was then allegedly transferred to PNC.  Before this transfer, however, the Molinas and PNC's unnamed predecessor entered into a 2007 "modification"/"refinance," which the Molinas now challenge as invalid under the Texas Constitution.  Thereafter, the Molinas entered into two additional "modifications"/"refinances" with PNC, one in 2011 and another in 2012, which they also challenge as invalid.  Unlike the Clarks, the Molinas still own their home.  They seek an order restraining PNC from conducting a foreclosure sale of their home and for the return of all mortgage payments they have made since 2007.

## II. Legal Standard

Federal Rule of Civil Procedure 42 permits consolidation of multiple actions if the "actions before the court involve a common question of law or fact."  FED R. CIV. P. 42(a).  The purpose of consolidation is to "avoid unnecessary costs or delay."  *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) (quoting FED R. CIV. P. 42(a)).  Federal district courts have very broad discretion in deciding whether or not to consolidate. *Id.*

Factors for the court to consider when determining whether consolidation is appropriate include (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so,

whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. *In re Enron Corp. Sec., Derivative, & "ERISA" Litig.*, Civ. A. Nos. H-01-3624, H-03-5528, H-04-0087, H-04-0088, 2007 WL 446051, at *1 (S.D.Tex. Feb. 7, 2007) (citing *Rodriguez v. Torres*, Nos. Civ. B-04-036, B-04-037, B-04-043, 2004 WL 2952612, at *1 (S.D.Tex. Nov. 22, 2004)). A mere contention that failure to consolidate cases might lead to inconsistent decisions is insufficient justification for a court to consolidate an action. *Frazier*, 980 F.2d at 1532.

### III. Analysis

The Clarks and Molinas each allege that PNC holds an invalid lien on their respective homes. They each also allege that the purported "modifications" are invalid under the Texas Constitution because the "modifications" were, in fact, "refinances," which advanced more than "reasonable costs necessary to refinance." *See* TEX. CONST. art. XVI, § 50(e) (prohibiting mortgage refinances from advancing additional funds, unless those funds are for "reasonable costs necessary to refinance"). The Clarks and Molinas argue that because the refinances advanced more than necessary costs, the refinances had to be structured as home equity loans. Since they allegedly were not, the Clarks and Molinas claim that their mortgages became unsecured.

While the Clarks' and Molinas' claims assert the same novel legal argument, the claims are highly contingent on the specific facts relevant to each of the five "modifications"/"refinances." The claims will be resolved by reference to the documents creating the "modifications"/ "refinance" to determine if the transactions were "modifications"

or "refinances." Next, if one or more transaction is determined to be a "refinance," the Court must determine whether the refinance advanced more than the reasonable costs necessary to refinance. This is necessarily a fact specific inquiry. Finally, if the Court finds for either the Clark or Molinas, the Court must then determine if either couple is entitled to the return of mortgage payments and, if so, in what amount. Additionally, for the Clarks, the Court would also have to decide whether to rescind the foreclosure sale, if rescission were possible.

On balance, the potential risks and burdens of consolidation outweigh any potential benefits. Determining the Clarks' and Molinas' claims will require the Court to explore two distinct sets of facts. Exploring the facts together could create confusion, especially if relief was awarded and payments returned. Furthermore, if the Court finds for the Clarks, the Court will have to explore additional legal issues related to rescinding the foreclosure sale of their home. The Clarks' request for rescission also draws in an additional defendant, Freddie Mac, which is not present in the Molinas' case. Finally, the Clarks may face additional issues related to post-foreclosure eviction, which the Molinas would not face. Meanwhile, the Molinas may face issues related to restraining a foreclosure sale, which the Clarks would not face. On balance, the potential burdens outweigh any potential benefits to consolidation. Accordingly, the Court finds that consolidation of the actions is not appropriate.

## IV. Conclusion

Because each case involves an individualized inquiry of different facts, potentially different or additional legal issues, and an additional defendant in *Clark*, the potential risks of consolidation outweigh the potential benefits. Consequently, the Court finds that

consolidation of the actions is inappropriate and DENIES Plaintiffs' unopposed motion to consolidate (docket no. 25).

It is so ORDERED.

SIGNED this 17th day of December, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE