IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CLARENCE CLARK and DEBORAH CLARK, § § § *Plaintiffs*, § § v. § § PNC BANK, N.A. and FEDERAL HOME § LOAN MORTGAGE CORPORATION, § § *Defendants*. § | Civil Action No. SA-13-CV-799-XR |

**ORDER**

On this date, the Court considered Plaintiffs' emergency motion to temporary lift the stay of this case and to "stay" execution of a writ of possession issued by the Bexar County Court at Law Number 10. Docket No. 48. For the following reasons Plaintiffs' motion is DENIED.

On March 14, 2014, this Court stayed proceedings in this case until a final opinion by the Texas Supreme Court on the certified questions posed in *Sims v. Carrington Mtg. Servs., LLC*, No. 12-10978, 538 F. App'x 537 (5th Cir. 2013), or until a showing by one of the parties of good cause why the stay should be lifted. Docket No. 42. The Texas Supreme Court has not issued a final opinion in *Sims*.[1] Instead, Plaintiffs move to lift the Court's stay. Docket No. 48.

---

[1] The Texas Supreme Court issued an opinion on May 19, 2014, but a motion for rehearing is pending before the court. *See* Docket No. 43 (status report of the parties); *see Citizens' Bank of Michigan City, Ind. v. Opperman*, 249 U.S. 448, 450 (1919) (noting, that regarding the deadline to file for certiorari,"[w]here a petition for rehearing is entertained, the judgment does not become final for purposes of our review until such petition has been denied or otherwise disposed of"); *see also England v. Quarterman*, 242 F. App'x. 155, 158 (5th Cir. 2007).

Plaintiffs assert that the Bexar County Court at Law Number 10 issued a final judgment, awarding possession of the home at issue to the Federal Home Loan Mortgage Corporation ("Fannie Mae"). *Id.* at 3.  Plaintiffs assert that after final judgment, the county court issued a writ of possession, which Plaintiffs fear will be executed imminently. *Id.* Plaintiffs argue that their underlying wrongful foreclosure theory is almost certainly correct and that this Court's stay should be lifted to enjoin the execution of the county court's writ of possession. *Id.* at 5.  Plaintiffs do not term their request one for a temporary restraining order, but instead request that this Court "stay" execution of the county-court writ of possession. *Id.*

While certainly this Court may lift the stay applicable to this case, *see Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003), it may not "stay" proceedings in a wholly separate state-court proceeding.  As Plaintiffs' previously counsel admirably recognized, both the Anti-Injunction Act and the *Rooker-Feldman* doctrine prohibit this Court from interfering with proceedings in state court. *See* Docket No. 41 (moving to withdraw Plaintiffs' motion for preliminary injunction); 28 U.S.C. § 2283; *Health Net, Inc. v. Wooley,* 534 F.3d 487, 493 (5th Cir. 2008) ("The Anti–Injunction Act generally prohibits federal courts from interfering with proceedings in state court."); *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) ("Reduced to its essence, the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments.") (internal quotation marks omitted); *see also Brinson v. Universal Am. Mortg. Co.*, CIV.A. G-13-463, 2014 WL 722398, at *2–3 (S.D. Tex. Feb. 24, 2014) (cited by Plaintiffs' previous counsel).  Since an order enjoining (or "staying") execution of the county court's writ of possession would

interfere with the county court's proceedings, this Court DENIES Plaintiffs' request. Docket No. 48.

It is so ORDERED.

SIGNED this 25th day of July, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE